132 F.Supp.2d 1210 (2001)
METROPOLITAN ST. LOUIS EQUAL HOUSING OPPORTUNITY COUNCIL, et. al., Plaintiffs,
v.
GORDON A. GUNDAKER REAL ESTATE CO., INC., Defendant.
No. 4:98CV837SNL.
United States District Court, E.D. Missouri, Eastern Division.
February 22, 2001.
Kenneth M. Chackes, M. Susan Carlson, Van Amburg and Chackes, St. Louis, MO, Michael A. Ferry, Gateway Legal Services, Inc., St. Louis, MO, for Metropolitan St. Louis Equal Housing Opportunity Council.
John Gianoulakis, Partner, Kohn and Shands, St. Louis, MO, City of Florissant.
Alan N. Zvibleman, Rothman and Sokol, St. Louis, MO, Paul F. Devine, John R. *1211 Hamill, III, Vatterott and Shaffar, Maryland Heights, MO, Daniel K. Barklage, Barklage and Barklage, St. Charles, MO, for Gordon A. Gundaker Real Estate Co., Inc.
Joan A. Magagna, Isabelle M. Thabault, Eric I. Halperin, U.S. Dept. of Justice, Housing & Civil Enforcement Section, Washington, DC, for U.S., movant.

MEMORANDUM
LIMBAUGH, Senior District Judge.
This matter is before the Court on the defendant's motion to exclude evidence and for summary judgment (# 66).[1] Responsive pleadings have been filed. This cause of action is set for trial on the Court's jury trial docket of March 7, 2001.
On February 16, 2001 this Court entered a memorandum opinion addressing a Daubert challenge to the parties' respective experts' testimonies regarding the design, execution and analysis of the EHOC 1996 and 1997 tests. The findings of the Court, where relevant, shall be applicable to the instant matter.
Defendant contends that since the 1996 and 1997 EHOC tests are seriously flawed as to their design and execution, making them unreliable as evidence of racial steering by defendant. Thus, it argues the tests should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence. Consequently, defendant argues that without the tests and their experts' testimony, plaintiffs cannot make their case for racial steering by the defendant.
The plaintiffs have brought this lawsuit alleging that defendant has violated the Fair Housing Act by engaging in "racial steering"[2] of prospective homebuyers. They contend that the defendant has violated Sections 3604(a), (b) and (d); as well as various regulations promulgated thereunder. The evidence of the alleged violations centers on the interactions between a number of "testers" and defendant's agents.
In the Court's earlier memorandum opinion, it found that the testing protocol for the EHOC 1996 and 1997 tests failed to meet the scientific validity and reliability standards of Rule 702; thereby, seriously jeopardizing the ability of the plaintiffs' experts to withstand a Daubert challenge. Ultimately, the Court concluded that the plaintiffs' experts could not withstand such a challenge, especially with regard to any analysis of test data and/or conclusions drawn from such data.
The summary judgment motion challenges the tests' design and execution pursuant to Rules 402 and 403 F.R.E. Defendant contends that the tests are inadmissible because they are so flawed (as to design and execution) no juror could reasonably conclude that they show racial steering by any of the defendant's agents. It further argues that without their experts' testimony and without the tests, the plaintiffs cannot make a case for any violation of any provision of the FHA. Plaintiffs, on the other hand, contend that any variation among the test forms or tester profiles is insignificant, and that the information gathered by the testers provides sufficient evidence of FHA violations by the defendant. They also argue that tester evidence has always been accepted by the courts as the best evidence of alleged violations of the FHA.
The Court has carefully reviewed the pleadings and all the submitted exhibits, including but not limited to, the depositions of the testers and the agents. The Court agrees that the test forms are not consistent as to the targeted test area, and *1212 certainly vary as to the quality and quantity of information provided on them. However, the Court cannot agree that pursuant to Rules 402 and 403, the information contained in the forms is irrelevant and thus, inadmissible. The fact that the test report forms don't meet the more stringent requirements of Rule 702 does not necessarily mean that the information contained within them is inadmissible under Rules 402 and 403.
"Tester evidence" is factual evidence. It is clear that the courts have routinely allowed testers and agents to testify at trial as to the interactions giving rise to the lawsuit. It is up to a jury to assess the credibility of the testers and agents, and ultimately, the credibility of the information contained in the forms. Plaintiffs can put on witnesses to generally describe the test forms and the test encounters; i.e. pairing of white and black individuals or couples with similar backgrounds to inquire of an agent as to availability of a specific type of home. Plaintiffs may also have the testers testify as to the particulars of their test encounter with a specific agent, and how they filled out the report form upon completion of the test. Defendant will have the opportunity to put the agents on the stand to explain their conduct in advising these testers as to the availability of housing. Each side will have the opportunity to cross-examine witnesses as to inconsistencies and omissions regarding the design and execution of the tests. Furthermore, in accordance with the previously entered memorandum opinion, defendant will have the opportunity to put forth expert testimony regarding the alleged flaws in the design and execution of the tests, and their own analysis of the tests as to whether racial steering occurred.
The bottom line is that evidence of the design of the test forms and the specific individual execution of each test is factual evidence which stands or falls on the credibility of the witnesses. It is clear that numerous issues of material fact exist as to the design and execution of the tests which prevent this Court from entering summary judgment. Based upon the factual record before the Court, a reasonable juror could find that one or more agents engaged in racial steering; or a reasonable juror could find that not a single agent engaged in racial steering. There are significantly differing accounts as to what transpired during each test, and material differences between these accounts and the information put on the forms. Whether black testers were treated differently from comparable white testers, and whether the difference was due to race, are questions for a jury to answer.
The Court finds that any information contained on the test forms, and the testimony of the testers and agents as to the various interactions is factual evidence relevant to the issue of alleged violations of the Fair Housing Act. Any inconsistencies or "flaw" goes to the weight of the evidence, not its admissibility. The defendant's motion to exclude evidence and for summary judgment will be denied.
NOTES
[1] In the memorandum opinion entered by this Court on February 16, 2001, reference is made to cross-motions for summary judgment. This statement is in error. Plaintiffs' responsive pleading to the defendant's motion to exclude evidence and for summary judgment was mistakenly docketed as a summary judgment motion.
[2] "Racial steering" is a term used to describe the practice by real estate agents and brokers of directing prospective home buyers interested in similar properties to certain neighborhoods or municipal areas on the basis of race. See, Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 94, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979).